LETTS, Judge.
Involved is the propriety of a trial judge’s order awarding a set off in favor of Broward County in a condemnation pro *697 ceeding. We reverse and remand this cause for an evidentiary hearing.
This appeal arises from two eminent domain actions pertinent to the same real estate. The first concerned only avigation rights and the second a later taking of the actual land itself. A written stipulation was entered into relative to the avigation action in which the parties set forth that damages agreed upon in the sum of $26,-000 would be deducted from any jury award in the subsequent case involving the taking of the land itself.
The problem arises because there was no subsequent jury award on the later taking of the land itself. Instead, the latter case was settled for $7,837,521 and the settlement agreement made no mention of the $26,000 award in the initial avigation case.
The appellants insist that this latter settlement was plain and unambiguous and that the court erred in allowing the $26,000 set off. We are of the opinion that the original stipulation calling for a deduction from any “jury award” may have simply neglected to consider the possibility of a settlement award as distinct from a jury one. This and the omission of any reference to that stipulation in the subsequent settlement agreement may create a latent ambiguity which might permit extrinsic evidence on the question of whether the initial stipulation applies to the later settlement or not. However, we must agree with the appellants that:
Extrinsic evidence would not ... be admissible until the trial court first made a finding that the instrument was ambiguous and uncertain.
No such finding was made in this case, nor was an evidentiary hearing conducted. We, therefore, reverse and remand this cause with instructions to make a finding on whether a latent ambiguity exists and, if it does, hold an evidentiary hearing to resolve the question by use of extrinsic evidence.
We do not preclude the possibility that the trial judge may come to the same conclusion as before. At all events, we must hope for an early solution. With the meter on attorney’s fees ever running, surely this controversy over a mere $26,000 out of an over $7.8 million award can be resolved, especially when it is the Florida taxpayers who must foot the bill.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
ANSTEAD and GUNTHER, JJ., concur.